**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.                                                  Case No.:  8:19-CR-00184-T-17-AEP

LUIS ENRIQUE AGUILAR VICENTE,

       Defendant

_____/

### DEFENDANT LUIS ENRIQUE AGUILAR VICENTE'S SENTENCING MEMORANDOM AND MOTION FOR DOWNWARD VARIANCE

COMES NOW, Defendant, LUIS ENRIQUE AGUILAR VICENTE by and through his undersigned counsel, Ronald J. Kurpiers, II, Esq. of Kurpiers Law Firm, PA and respectfully files his Sentencing Memorandum in support of his objection to the Pre-Sentence Report (PSR). The Defendant also moves for a variance from the applicable sentencing guideline range.  In support of said Memorandum and Motion for Downward Variance, Mr. Vicente states the following:

### BACKGROUND

Mr. Vicente is a 22-year-old citizen of Oaxaca, Mexico and is a fisherman and boat-builder by trade.  Mr. Vicente's family is very poor.  They live in modest lodgings with very limited resources.

Mr. Vicente has some education and can read and write his native language of Spanish. Mr. Vicente survived and made a living as a fisherman and boat-builder.

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **1** of **10**

Mr. Vicente was born on November 7, 1996 in Oaxaca, Mexico.  He is one of three (3) children born to Enrique Aguilar Alverez, age 45 and Lucila Vicente Garcia, age 43.   His father works as a boat operator in the tourism industry and his mother is a homemaker

Mr. Vicente is in a relationship with Coral Alonzo Pabon, age 21 with one child together, Liam Santiago Aguilar Alonso, age 2 and one female child who is expected to be born in December 2019.

Mr. Vicente was offered to assist with this trip after being familiar with the Captain from the marina.  Mr. Vicente boarded the "Go Fast Vessel" ("GFV") from his home-town marina on or about April 17, 2019.  Mr. Vicente did NOT get paid any money prior to the trip beginning and was only promised payment upon landing.  Mr. Vicente did not know the other mariners on the GFV and did not know where, when or how the drugs were to be delivered.  Mr. Vicente was not given any responsibility beyond being present on the GFV.

On or about April 17, 2019, the USCG Cutter *Resolute* intercepted and boarded the GFV and arrested all three (3) mariners including the Defendant LUIS ENRIQUE AGUILAR VICENTE.  Approximately 1,022 kilograms of cocaine was recovered after being jettisoned by the crew.  During the subsequent investigation, Mr. Vicente was debriefed by law enforcement and indicated he did not have knowledge of the details of the trip or the individuals involved.

On June 13, 2019, Defendant Luis Enrique Aguilar Vicente pled guilty to Count One of the Indictment pursuant to a plea agreement.  Count Two is to be dismissed at Sentencing.  Mr. Vicente pled to Count One, conspiracy to possess with intent to distribute five (5) kilos or more of Cocaine while aboard a vessel on the high seas and subject to the jurisdiction of the United States (Doc. 75, PSR ¶5 and 6).

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **2** of **10**

On June 27, 2019, this Honorable Court accepted the Defendant's plea to Count One of the Indictment and sentencing is now set for September 20, 2019 at 1:30pm.

I.      ***Outstanding Objections to the Presentence Report***

The defendant has two objections to the Presentence Report.  The first outstanding objection to the presentence report is that the PSR failed to recognize Mr. Vicente for an adjustment for his role in the offense pursuant to USSG § 3B1.2.  The second outstanding objection is to ¶ 75 of the Presentence Report where the United States Probation officer asserts he has not identified any factors that would warrant a departure from the applicable sentencing guideline range.

**a.  Specific Sentencing Characteristics Pursuant to U.S.S.G. § 3B1.2.**

The Defendant objects to ¶ 22 of the Presentence Report as it fails to recognize Mr. Vicente is entitled to a role reduction pursuant to U.S.S.G. § 3B1.2.  The minor role adjustment should be applied and paragraphs 22, 24, and 28 should be adjusted accordingly.  Mr. Vicente is entitled to a role reduction for his role in the offense pursuant to U.S.S.G. § 3B1.2, which states as follows:

> U.S.S.G. § 3B1.2, Mitigating Role
> Base on the Defendant's role in the offense, decrease the offense level as follows:
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels.

Application note 3(A) of section 3B1.2 states in part:

A defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline.  For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of the

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **3** of **10**

drugs the defendant personally transported or stored may receive an adjustment under this guideline.

Mr. Vicente was aboard a vessel that was transporting cocaine.  He did not produce or own the cocaine on the vessel nor did he in anyway plan the transportation, pay for the transportation or coordinate the transportation.  Mr. Vicente had no say whatsoever in how the cocaine was to be distributed, to whom, when or where.

The Eleventh Circuit Court of Appeals addressed mitigating role adjustments in large quantity drug cases in *United States v. Carlington Cruickshank*, 837 F.3d 1182, (11th Cir. 2016). The *Cruickshank* court clarified the Eleventh Circuit's prior ruling in *United States v. DeVaron*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc) which held that U.S.S.G. § 3B1.2 does not automatically preclude a defendant from being considered for a mitigating role adjustment in a case in which the defendant is held accountable under U.S.S.G. § 1B1.3 solely for the amount of drugs the defendant personally handled.  Apparently, some courts were under the belief that possession of a large quantity of drugs precluded a defendant from receiving a mitigating role adjustment.  In *Cruickshank*, the court reiterated its' position in *De Varon* that "the district court must assess all of the facts probative to the defendant's role in their relevant conduct in evaluating the defendant's role in the offense.  *Cruickshank, Id* at 1193, citing *De Varon*, at 943.

The *Cruickshank* Court also noted the Sentencing Commission, through Amendment 635 to the Sentencing Guidelines, adopted amendments to the Sentencing Guidelines to further clarify the factors for the court to consider for a minor role adjustment, and, in doing so, still continue to embrace the approach the Eleventh Circuit took in *De Varon. Id* at 1194.  In November 2015, the Commission added the following language to Application Note 3(C) for U.S.S.G. § 3B1.2:

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **4** of **10**

In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

(i)     The degree to which the defendant understood the scope and structure of the criminal activity;

(ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)     the degree to which the defendant stood to benefit from the criminal activity.

Applying the criteria outlined herein to Mr. Vicente, a role reduction is warranted.

**(1)** *The degree to which the defendant understood the scope and structure of the criminal activity;*

Mr. Vicente is unaware of the scope or structure of the criminal activity. He does not know the owner of the cocaine, who the cocaine was going to, where it came from or the scope and structure of the organization.

**(2)** *The degree to which the defendant participated in planning or organizing the criminal activity;*

Mr. Vicente did not participate in the planning or organizing of the criminal activity. He was told to get on a boat that was already loaded and sit there while the boat was to be taken to an unknown location. He did not plan or organize this trip or offense. In fact, Mr. Vicente was left completely in the dark about any details regarding planning of the criminal activity.

**(3)** *The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;*

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **5** of **10**

Mr. Vicente did not have any decision-making authority.  His role was to merely be present while the load was transported to a location at sea.  He had no authority or opportunity to make any decisions.

> ***(4) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;***
> Mr. Vicente participation was unknown even to him beyond being present on the GFV.

He was not aware of the other participants, where the cocaine came from, who it was to be delivered to or how it was to be delivered.

> ***(5) the degree to which the defendant stood to benefit from the criminal activity.***

Mr. Vicente was ___**NOT**___ paid for his involvement.  It was only a promise of payment.

The defendant bears the burden of proving by a preponderance of the evidence his entitlement to a role reduction.  *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).  This case is far larger than three (3) mariners on a GFV in the open sea with a cargo of cocaine.  The exact size will most likely be known in the future.  Typically, the Government will issue a press announcement detailing the prosecutions of drug smugglers on conspiracy charges as the government has in the past.

Through years of prosecutions and experience with drug smuggling on the high seas between Columbia, Mexico, Ecuador and other South American countries, the government is well aware that others are behind these shipments.  The government likely knows the organization and the parties likely responsible for the shipment.  In fact, the Grand Jury found evidence that others were involved in the conspiracy beyond these three (3) defendant including the Defendant Vicente.  The Indictment alleges the defendants ***"did knowingly and willfully combined, conspire and agree with each other and with other persons unknown to the Grand***

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **6** of **10**

***Jury to possess with intent to distribute five kilograms or more of a mixture or substance***

***containing a detectable amount of cocaine."*** (*See. Dkt. No. 1, Indictment, Count One*).   It

appears evidence was presented to the Grand Jury allowing them to find other participants in the

offense, indeed, some of the participants were identified to the Grand Jury.  The United States

Probation Office fails to recognize that the Grand Jury found other unknown participants were

involved in this offense.

Applying these facts and principles to the guideline analysis, Mr. Vicente qualifies for a

role reduction in the criminal activity pursuant to U.S.S.G. § 1B1.2 and U.S.S.G. § 3B1.2 and is

entitled to a sentence reduction.  Pursuant to U.S.S.G. § 2D1.1(5) Mr. Vicente's base offense

level should be decreased to level 31.[1]   This would change his total offense level to 31

corresponding to an advisory guideline range of 108-135 months.

**b. Factors that warrant a sentence outside the applicable guideline range**

The defendant objects to Paragraph 75 of the presentence report and states there are no

factors that warrant a sentence outside the advisory sentencing guideline range.  These factors

will be addressed below in the defendant's Motion for a Downward Variance from the advisory

sentencing guideline range.

**II.  Motion for a Downward Variance from the Advisory Guidelines Range**

Mr. Vicente moves this Honorable Court for a variance from the otherwise applicable

advisory sentencing guideline range based on his personal history, his role in the offense and

finally the need to avoid unwarranted sentencing disparity.

---

[1] A district court may reduce a defendant's base offense level by two, three or four levels if it finds that the
defendant role was that of a "minimal or minor participant" in the criminal activity.  U.S.S.G. § 3B1.2(b) or
somewhere in between.  If the court grants such a reduction in a drug case with a base offense level of 38 the
defendant's base offense level is decreased by a further two, three or four levels for a multiple level reduction.  *Id*.
U.S.S.G. § 2D1.1(a)(5).

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **7** of **10**

*Variance Legal Analysis*

The Eleventh Circuit reemphasized the wide discretion district courts enjoy in determining whether variances are appropriate.  See, *United States v. Rosales-Bruno*, 789 F.3d 1249 (11th Cir 2015).  Although district courts must consider all available § 3553(a) factors, they need not give all the factors equal weight.  *Id.* at 1254 (citation omitted).  "Instead, the sentencing court, 'is permitted to attach "great weight" to one factor over others.'" *Id.*  Quoting *Gall v. United States*, 552 U.S. 38, 57 (2007).  Likewise, although district courts must consider the advisory guidelines range," it is only one of a dozen or so factors that the court must take into account." *Id.* at 20.  (citation omitted).  Moreover, "The U.S. Supreme Court has been clear that "[t]he Guidelines are not the only consideration……. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district court should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.'" *Id., quoting Gall*, 552 U.S. at 50.  In fact, "" [n]othing requires a sentencing court to give the advisory guidelines range a much weight as it gives any other § 3553(a) factor or combination of factors." *Id.*

**a.  *Individual Defendant Characteristics and Role in the Offense***

The particularized facts about Mr. Vicente's matter and these facts warrant a variance from the otherwise applicable sentencing guideline range.  Mr. Vicente and his family live in a very modest area of Mexico.  Although he worked hard as a fisherman and boat-builder with a limited education, he made very little money to live.  At the time of this offense, Mr. Vicente's family was in a challenging financial position.  While clearly not an excuse, Mr. Vicente's financial position and his desire to provide for his family led him to commit this current offense before this Honorable Court.

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **8** of **10**

Should the court not uphold the minor role objection the defendant would respectfully request the court consider his role in the offense in fashioning an appropriate sentence under the advisory sentencing guidelines.   Mr. Vicente wishes to use his time in Federal custody to his advantage and develop skills that may allow him to earn a better living upon return to Mexico and most importantly to allow him to earn better income beyond fishing and boat-building.

### b. Need to Avoid Unwarranted Sentencing Disparity

Mr. Vicente presently calculated advisory guideline range is a level 33, criminal history category of I, which calls for a range of 135-168 months.   Multiple defendants who are more culpable than Mr. Vicente have received similar sentences and considering Mr. Vicente's limited role in this offense, this calculation seems rather severe and harsh.   Mr. Vicente's advisory sentencing guideline range is disproportionately severe compared to far more involved and culpable individuals unknown to the Grand Jury and the Government.

CONCLUSION:

Mr. Vicente is a good candidate for rehabilitation and very unlikely to commit an additional offense of this nature.   He is hard working person in Mexico who tries to care and support his immediate and extended.   He will continue to do so upon release from prison.   At the sentencing hearing now set for September 20, 2019, Mr. Vicente will respectfully request for this Honorable Court to vary from the otherwise applicable guideline range.

 DATED:  September 10, 2019

/s/ Ronald J. Kurpiers, II,
Ronald J. Kurpiers, II, Esq.
Florida Bar No.:  0567140
Kurpiers Law Firm, PA
Wells Fargo Center
100 S. Ashley Drive, Suite 800
Tampa, FL 33602

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **9** of **10**

Tel:    813-892-8501
Fax:    813-936-4773
Email: *kurpierslaw@gmail.com*
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was furnished by CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing all counsel of record, this 10th day of September 2019.

*/s/ Ronald J. Kurpiers, II,*
Ronald J. Kurpiers, II, Esq.
Florida Bar No.:  0567140
Kurpiers Law Firm, PA
Wells Fargo Center
100 S. Ashley Drive, Suite 800
Tampa, FL 33602
Tel:    813-892-8501
Fax:    813-936-4773
Email: kurpierslaw@gmail.com
*Attorney for Defendant*

*United States of America v. Luis Enrique Aguilar Vicente*
**Defendant's Sentencing Memorandum and Motion to Downward Variance**
Page **10** of 10